Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                   SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                               CIVIL ACTION
[SEAL]                                         No. 2173CV00485

CHRISTOPHER ALICEA, as Personal
Represenative of the ESTATE OF
LUIS M. PRIETO _____, Plaintiff(s)

v.

CINCINNATI INCORPORATED AND NEW AUTOMATION
CORPORATION (d/b/a PYTHONX, BURLINGTON AUTOMATION,
THE LINCOLN ELECTRIC COMPANY and LINCOLN
ELECTRIC HOLDINGS, INC.) _____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED :—
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:   Cincinnati Incorporated

You are hereby summoned and required to serve upon ..Attorney Peter J.
Ainsworth, of the firm of MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.
plaintiff's attorney, whose address is 100 Cambridge St., Ste. 2101, Boston, MA. 02114 USA
an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ..New Bedford, MA.. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Judith Fabricant, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the ......6th...... day of ......August......, in the year of our Lord two thousand and ...twenty-one...

_Magistrate_

A true copy Attest: Joseph P Casey
Deputy Sheriff Suffolk County
8-16-21

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................, 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

Dated: ..................................., 20  .           ..............................................................

N.B.  TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|                           , 20  . |
|---|

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. 2173CV00485

BRISTOL, ss.

CHRISTOPHER ALICEA, as Personal Representative of the ESTATE OF LUIS M. PRIETO, Plaintiff(s)

v.

CINCINNATI INCORPORATED, et al., Defendant(s)

SUMMONS
(Mass. R. CIV. P. 4)

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                                                SUPERIOR COURT

| | |
|---|---|
| CHRISTOPHER ALICEA, as Personal Representative of the ESTATE OF LUIS M. PRIETO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CINCINNATI INCORPORATED AND NEW AUTOMATION CORPORATION (d/b/a PYTHONX, BURLINGTON AUTOMATION, THE LINCOLN ELECTRIC COMPANY and LINCOLN ELECTRIC HOLDINGS, INC.),<br><br>　　　　　Defendants. | CIVIL ACTION NO: |

## **COMPLAINT AND JURY CLAIM**

### **Parties**

1. Plaintiff, Christopher Alicea (hereinafter referred to as "Plaintiff"), resides at 18 Wentworth Road, Town of Canton, Norfolk County, Commonwealth of Massachusetts. He is the duly appointed Personal Representative for the Estate of Luis M. Prieto, and he is a brother of Luis M. Prieto.

2. The decedent, Luis M. Prieto, was 25 years old when he died as a result of a preventable and horrific workplace injury, being crushed inside a Cincinnati CL 707 laser cutting machine (the "Product").

3. The Product was designed and sold by defendant Cincinnati Incorporated, which contracted with defendant New Automation Corporation to manufacture, install, inspect, assemble and service the Product for use at Industrial Metal Products Company, located in Sharon, Massachusetts, where Mr. Prieto worked at the time of the incident.

4. Defendant, Cincinnati Incorporated (hereinafter referred to as "Cincinnati"), is a foreign corporation with a principal place of business at 7420 Kilby Road, Harrison, Ohio, with a Massachusetts Registered Agent located at 84 State Street, Boston, Massachusetts. The Cincinnati CL 707 Laser Loader is hereinafter referred to as "Product".

5. Defendant, New Automation Corporation, is a foreign corporation with a registered office and principal place of business listed at 95 Dundas Street E, Mississauga, Ontario, Canada. Defendant New Automation also does business as PythonX and Burlington Automation, with a principal office located at 63 Innovation Drive, Hamilton, Ontario, Canada, and also does business as The Lincoln Electric Company, with a principal office located at 22801 St. Clair Avenue, Cleveland, Ohio, and with a Massachusetts Registered Agent located at 155 Federal Street, Suite 700, Boston, Massachusetts and also does business as Lincoln Electric Holdings, Inc., with a principal office located at 22801 St. Clair Avenue, Cleveland, Ohio and with an Ohio Agent/Registrant located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio (hereinafter collectively referred to as "New Automation").

## Jurisdiction

6. Plaintiff's causes of action against the foreign Defendants arise from Defendants:

    a. transacting any business in the Commonwealth of Massachusetts;
    b. contracting to supply services or things in the Commonwealth of Massachusetts;
    c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
    d. causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## General Allegations

7. On or about July 12, 2018, the decedent, Luis M. Prieto, was working as an employee of Industrial Metal Products Company, Inc. (a.k.a. InMetal), located at 15 Merchant Street in Sharon, Massachusetts.

8. On or about July 12, 2018, Mr. Prieto was fatally injured when he was crushed in a closing pinch point between the lower beam of the lift and the feed bed of the Product, an industrial laser metal cutting machine.

9. Mr. Prieto was positioned in the accessible and unguarded pinch point when, unbeknownst to him, another employee began operating the machine, causing the lower beam of the lift to descend to the feed bed as the lift lowered into the home position.

10. Mr. Prieto's pelvis and legs were pinned and crushed, along with his right hand, between a steel plate and a steel cross beam, with only one inch (approximately) between the two structures when they came to rest.

11. Incredibly, Mr. Prieto remained conscious, conversing with responders for over an hour and a half as they determined the safest way to extricate him. Before they did so, a police

officer with experience in the clergy was given a moment alone with Mr. Prieto so they could pray together.

12. When the steel that was crushing Mr. Prieto from the waist down was finally separated, Mr. Prieto bled out. He was rushed to Norwood Hospital via ambulance, where he was pronounced dead.

13. All of this was easily preventable with simple safety measures that have been used with industrial machinery for over a century.

14. Unfortunately, the Product was negligently designed, manufactured, sold, inspected and assembled by the defendants, lacking adequate controls, protections, guarding and/or warnings for the mechanical hazards presented by the accessible pinch point between the lower beam and the feed bed of the machine.

15. The pinch point hazard at which the subject incident occurred should have been identified and controlled by the defendants when it was designed, manufactured, installed, inspected, and maintained.

16. The Cincinnati CL707 Laser Loader cutting machine as described herein was/is unreasonably unsafe, dangerously defective and unfit for sale to customers, and Mr. Prieto's severe injury and death would have been prevented by reasonable engineering means and safety measures.

17. As a direct and proximate result of the defendants' negligence, Mr. Prieto was crushed in the dangerous pinch point and suffered severe injuries, causing his untimely death.

## Count I

### (Wrongful Death - Negligence v. Cincinnati Incorporated)

18. Plaintiff repeats and re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. Defendant Cincinnati was negligent and grossly negligent with respect to the Plaintiff in that the Cincinnati CL707 Laser Loader and/or its component parts (collectively, the "Product") were negligently designed without adequate controls, safeguards and/or warnings with respect to the accessible and unguarded pinch point hazard.

20. Defendant Cincinnati knew or reasonably should have known of the dangerous nature and condition of the Product, and that Plaintiff's decedent, without proper warnings, would not know or have reason to know of the Product's dangerous and defective condition.

21. Defendant Cincinnati negligently failed to implement a feasible, safer alternative design, for which the necessary technology was available to Defendant at the time of the subject Product was designed and manufactured.

22. As a direct and proximate result of the negligence of defendant Cincinnati, Plaintiff's decedent endured horrific, conscious pain and suffering, and suffered severe personal injuries which caused his death on July 12, 2018.

23. As a direct and proximate result of Defendant's negligence, the decedent's next of kin have been deprived of his love, services, protection, care, assistance, society, comfort, companionship, guidance, counsel, advice and financial assistance. Also, his family has incurred medical, funeral, burial and other expenses related to his death and his beneficiaries' estates have been deprived of the economic value of his capacity to earn money during the normal span of his life.

WHEREFORE, Plaintiff, Christopher Alicea, Personal Representative of the Estate of Luis M. Prieto, pursuant to the Massachusetts Wrongful Death Act, M.G.L. c. 229, § 2, prays that judgment be entered against the Defendants in an amount that will fairly and adequately compensate Luis Prieto's next of kin and award all recoverable damages, together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

### Count II

**(Wrongful Death – Punitive Damages v. Cincinnati Incorporated)**

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. As set forth above, Defendant Cincinnati engaged in acts and/or omissions that constituted gross negligence and/or reckless and/or willful and/or wanton misconduct which resulted in Luis M. Prieto's death on July 12, 2018, in that the Cincinnati CL707 Laser Loader and/or its component parts (collectively, the "Product"), were negligently designed without adequate controls, safeguards and/or warnings with respect to the accessible and unguarded pinch point hazard.

26. As a direct and proximate result of Defendant's grossly negligent and/or reckless and/or willful and/or wanton misconduct, Luis Prieto suffered severe injuries of body and mind as well as pain and suffering which led, ultimately, to his death.

WHEREFORE, Plaintiff Christopher Alicea, Personal Representative of the Estate of Luis M. Prieto, pursuant to the Massachusetts Wrongful Death Act, M.G.L. c. 229, § 2, prays that Judgment be entered against the Defendant in an amount that will adequately punish and deter the Defendant for its gross negligence, recklessness, willful and/or wanton misconduct, and award all recoverable damages together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

### Count III

**(Survival Claims – Pain and Suffering v. Cincinnati Incorporated)**

27. Plaintiff repeats and realleges paragraphs 1 through 26 of the Complaint, which are incorporated herein by reference.

28. As a direct and proximate result of the Defendant's negligence and misconduct in that the Cincinnati CL707 Laser Loader and/or its component parts (collectively, the "Product"), were negligently designed without adequate controls, safeguards and/or warnings with respect to the pinch point hazard.

29. Plaintiff's decedent, Luis M. Prieto suffered grievous injuries of body and mind, including but not limited to, conscious pain and suffering and mental and emotional distress, prior to his death.

   WHEREFORE, Plaintiff, Christopher Alicea, Personal Representative of the Estate of Luis M. Prieto, prays that Judgment be entered against the Defendant in an amount that will fairly and adequately compensate for the grievous injuries of body and mind, including but not limited to, conscious pain and suffering, mental and emotional distress and other damages sustained by Luis M. Prieto prior to his death, and that his Estate recover these, and all other recoverable damages, together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

## Count IV

### (Breach of Warranty v. Cincinnati Incorporated)

30. Plaintiff repeats and realleges paragraphs 1 through 29 of the Complaint, which are incorporated herein by reference.

31. Defendant Cincinnati should have reasonably expected that persons who operate equipment, such as Plaintiff's decedent Luis M. Prieto, would use the Cincinnati CL707 Laser Loader product.

32. Defendant Cincinnati expressly and/or impliedly warranted to all foreseeable users, including Mr. Prieto, that the Product was merchantable and/or safe and fit for a particular purpose. Defendant was a merchant with respect to goods of the kind involved in the incident and had reason to know the particular purpose for which the product was being used, and that users such as Plaintiff's decedent were relying on the skill and knowledge of Defendant Cincinnati to select and furnish a suitable and reasonably safe laser loader product.

33. The Product and its component parts, and its warnings and instructions, were dangerously defective and inadequate, and therefore the Product was not, in fact, merchantable, safe and fit for its ordinary, intended and/or foreseeable use as warranted.

   WHEREFORE, Plaintiff, Christopher Alicea, Personal Representative of the Estate of Luis M. Prieto, prays that Judgment be entered against the Defendant as a result of the breach of express and/or implied warranty of merchantability and/or fitness for a particular purpose in an amount that will fairly and adequately compensate Luis M. Prieto's next of kin and award all recoverable damages together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

### Count V

### (Wrongful Death - Negligence v. New Automation Corporation)

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. Defendant New Automation was negligent and grossly negligent with respect to the Plaintiff in that the Cincinnati CL707 Laser Loader and/or its component parts (collectively, the "Product") were negligently manufactured, installed, inspected and maintained without adequate controls, safeguards, and/or warnings with respect to the pinch point hazard.

36. Defendant New Automation knew or reasonably should have known of the dangerous nature and condition of the Product, and that Plaintiff's decedent, without proper warnings, would not know or have reason to know of the Product's dangerous and defective condition and hazardous accessible pinch point.

37. Defendant New Automation negligently failed to implement a feasible, safer alternative design, for which the necessary technology was available to Defendant at the time of the subject Product was designed and manufactured.

38. As a direct and proximate result of the negligence of defendant Cincinnati, Plaintiff's decedent endured horrific, conscious pain and suffering, and suffered severe personal injuries which caused his death on July 12, 2018.

39. As a direct and proximate result of Defendant's negligence, the decedent's next of kin have been deprived of his love, services, protection, care, assistance, society, comfort, companionship, guidance, counsel, advice and financial assistance. Also, his family has incurred medical, funeral, burial and other expenses related to his death and his beneficiaries' estates have been deprived of the economic value of his capacity to earn money during the normal span of his life.

WHEREFORE, Plaintiff, Christopher Alicea, Personal Representative of the Estate of Luis Prieto, pursuant to the Massachusetts Wrongful Death Act, M.G.L. c. 229, § 2, prays that judgment be entered against the Defendants in an amount that will fairly and adequately compensate Luis Prieto's next of kin and award all recoverable damages, together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

### Count VI

### (Wrongful Death – Punitive Damages v. New Automation Corporation)

40. Plaintiff repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. As set forth above, Defendant New Automation engaged in acts and/or omissions that constituted gross negligence and/or reckless and/or willful and/or wanton misconduct which resulted in Luis Prieto's death on July 12, 2018 in that the Cincinnati CL707 Laser

Loader and/or its component parts (collectively, the "Product"), were negligently manufactured, installed, inspected and/or maintained without adequate controls, safeguards, and/or warnings with respect to the accessible pinch point hazard.

42. As a direct and proximate result of Defendant's grossly negligent and/or reckless and/or willful and/or wanton misconduct, Luis M. Prieto suffered severe injuries of body and mind as well as pain and suffering which led, ultimately, to his death.

WHEREFORE, Plaintiff Christopher Alicea, Personal Representative of the Estate of Luis M. Prieto, pursuant to the Massachusetts Wrongful Death Act, M.G.L. c. 229, § 2, prays that Judgment be entered against the Defendant in an amount that will adequately punish and deter the Defendant for its gross negligence, recklessness, willful and/or wanton misconduct, and award all recoverable damages together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

## Count VII

### (Survival Claims – Pain and Suffering v. New Automation Corporation)

43. Plaintiff repeats and realleges paragraphs 1 through 42 of the Complaint, which are incorporated herein by reference.

44. As a direct and proximate result of the Defendant's negligence and misconduct in that the Cincinnati CL707 Laser Loader and/or its component parts (collectively, the "Product"), were negligently manufactured, installed, inspected and/or maintained without adequate controls, safeguards, and/or warnings with respect to the pinch point hazard.

45. Plaintiff's decedent, Luis M. Prieto suffered grievous injuries of body and mind, including but not limited to, conscious pain and suffering and mental and emotional distress, prior to his death.

WHEREFORE, Plaintiff, Christopher Alicea, Personal Representative of the Estate of Luis M. Prieto, prays that Judgment be entered against the Defendant in an amount that will fairly and adequately compensate for the grievous injuries of body and mind, including but not limited to, conscious pain and suffering, mental and emotional distress and other damages sustained by Luis M. Prieto prior to his death, and that his Estate recover these, and all other recoverable damages together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

## Count VIII

### (Breach of Warranty v. New Automation Corporation)

46. Plaintiff repeats and realleges paragraphs 1 through 45 of the Complaint, which are incorporated herein by reference.

47. Defendant New Automation should have reasonably expected that persons who operate equipment, such as Plaintiff's decedent Luis M. Prieto, would use the Cincinnati CL707 Laser Loader product.

48. Defendant New Automation expressly and/or impliedly warranted to all foreseeable users, including Mr. Prieto, that the Product was merchantable and/or safe and fit for a particular purpose. Defendant was a merchant with respect to goods of the kind involved in the incident and had reason to know the particular purpose for which the product was being used, and that users such as Plaintiff's decedent were relying on the skill and knowledge of Defendant New Automation to select and furnish a suitable and reasonably safe laser loader product.

49. The Product and its component parts, and its warnings and instructions, were dangerously defective and inadequate, and therefore the Product was not, in fact, merchantable, safe and fit for it ordinary, intended and/or foreseeable use as warranted.

WHEREFORE, Plaintiff, Christopher Alicea, Personal Representative of the Estate of Luis M. Prieto, prays that Judgment be entered against the Defendant as a result of the breach of express and/or implied warranty of merchantability and/or fitness for a particular purpose in an amount that will fairly and adequately compensate Luis M. Prieto's next of kin and award all recoverable damages together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate.

## JURY CLAIM

THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL CLAIMS AND DEFENSES ASSERTED OR HEREAFTER ASSERTED BY HIM AND ON EACH DEFENSE ASSERTED OR HEREAFTER ASSERTED BY ANY DEFENDANTS AND, FURTHER, CLAIMS HIS RIGHT TO ATTORNEY-CONDUCTED VOIR DIRE.

The Plaintiff,

By His Attorneys

MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.

Peter J. Ainsworth, Esq.; BBO No. 658704
painsworth@meehanboyle.com
Robert F. Foster, Esq.; BBO No. 697532
rfoster@meehanboyle.com
100 Cambridge Street, Suite 2101
Boston, MA, 02114
(617) 523-8300

DATED:    July 2, 2021

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Christopher Alicea, as Personal Representative of the Estate of Luis M. Prieto<br>**ADDRESS:** 18 Wentworth Road, Canton, MA 02021 | **DEFENDANT(S):** Cincinnati Incorporated and New Automation Corporation (d/b/a PythonX, Burlington Automation, The Lincoln Electric Corporation, and Lincoln Electric Holdings, Inc.) | **COUNTY** Bristol |
| **ATTORNEY:** Peter J. Ainsworth, BBO# 658704 & Robert F. Foster, BBO# 697532<br>**ADDRESS:** Meehan, Boyle, Black, & Bogdanow, P.C.<br>100 Cambridge Street, Suite 2101, Boston, MA 02114<br>**BBO:** | **ADDRESS:** 7420 Kilby Road, Harrison, Ohio<br>95 Dundas Street E, Mississauga, Ontario, Canada | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B08 | Wrongful Death, G.L. c.229 §2A | A | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................................ $ 3,236.10
  2. Total doctor expenses .............................................................................................................. $ 1,262.00
  3. Total chiropractic expenses ..................................................................................................... $ _____
  4. Total physical therapy expenses ............................................................................................. $ _____
  5. Total other expenses (describe below) ................................................................................... $ 3,598.62
                                                                                                         Subtotal (A): $ 8,096.72
Ambulance charges
B. Documented lost wages and compensation to date ................................................. Approximately $ _____
C. Documented property damages to dated .................................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................. $ _____
E. Reasonably anticipated lost wages ............................................................................................ $ _____
F. Other documented items of damages (describe below) ........... Documented pain & suffering, not less than $ 1,000,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff was fatally injured when he was crushed by a product designed by Defendant Cincinnati Incorporated and manufactured, installed, and maintained by Defendant New Automation Corporation.

**TOTAL (A-F):$ 1,008,095.72**

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $**

Signature of Attorney/Pro Se Plaintiff: X _____   Date: 07-02-2021

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 07-02-2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | __F__ | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2173CV00485 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Christopher Alicea Personal Representative for the Estate of Luis M Prieto vs. Cincinnati Incorporated et al | | Marc J. Santos, Clerk of Court<br>Bristol County |
| TO: Robert Foster, Esq.<br>Meehan Boyle Black Bogdanow<br>100 Cambridge St<br>Suite 2101<br>Boston, MA 02114 | | COURT NAME & ADDRESS<br>Bristol County Superior Court - New Bedford<br>441 County Street, 1st floor<br>New Bedford, MA 02740 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                         **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/30/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 11/01/2021 | |
| All motions under MRCP 12, 19, and 20 | 10/30/2021 | 11/29/2021 | 12/29/2021 |
| All motions under MRCP 15 | 08/26/2022 | 09/26/2022 | 09/26/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 06/22/2023 | | |
| All motions under MRCP 56 | 07/24/2023 | 08/21/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/19/2023 |
| Case shall be resolved and judgment shall issue by | | | 07/01/2024 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to                                  DIARIED                    RECEIVED
                                                                                     07-02-21
                                                                                     MBB Meehan, Boyle, Black
                                                                                         & Bogdanow, P.C.

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/02/2021 | Dina Swanson | (508)996-2051 |